FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 06, 2022

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHERI H., | |
| Plaintiff, | No. 1:21-CV-03044-JAG |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| Defendant. | **(ECF Nos. 20, 23)** |

Before the Court is Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment. ECF Nos. 20, 23. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. JURISDICTION

Following Plaintiff's administrative hearing, Administrative Law Judge ("ALJ") C. Howard Prinsloo issued a decision on December 16, 2020, finding Plaintiff ineligible for disability benefits. Tr. 3325–39. Plaintiff appealed. This Court has jurisdiction under 42 U.S.C. §§ 405(g), 1383(c)(3).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
~ 1

## II.    SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations. 20 C.F.R. § 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a). If the claimant cannot engage in

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

her previous occupations, the ALJ proceeds to step five and the burden shifts to the Commissioner to demonstrate that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388–89 (9th Cir. 2012).

## III.    STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under Section 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012). Substantial evidence means "'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
~ 4

is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.

On August 23, 2010, Plaintiff filed a Title XVI application for supplemental security income payments. Tr. 264. The claim was denied initially and on reconsideration. Tr. 84, 91. In September 2014, ALJ Glenn Meyers issued a decision finding that claimant was not disabled. Tr. 20–32. This Court subsequently granted the parties' stipulated motion to remand on January 23, 2017. Order Granting Stipulated Motion for Remand, *Hyde v. Berryhill*, No. 1:16-CV-3065-JTR, ECF No. 23.

ALJ Meyers then issued a decision on December 5, 2018, finding that Plaintiff was disabled with an onset date of November 1, 2017. Tr. 3373, 3393. ALJ Meyers determined that Plaintiff was not disabled prior to November 1, 2017. Tr. 3373. Plaintiff appealed to this Court. In October 2019, this Court granted a stipulated remand with instructions to reconsider Plaintiff's residual functional capacity (RFC), to obtain supplement evidence from a vocational expert if warranted, and to determine if drug and alcohol addiction contributed to a finding of disability. Tr. 3405–07. After conducting the hearing in November 2020, ALJ Prinsloo determined that Plaintiff was not disabled from August 23, 2010, to November 1, 2017. Tr. 3326.

Plaintiff was 42 years old on the alleged onset date of August 23, 2010. *See* Tr. 3338. Plaintiff has at least a high school education. Tr. 3338. Plaintiff has no history of past relevant work. Tr. 3338.

Plaintiff suffers from the following severe impairments: degenerative joint disease of the right knee and degenerative joint disease of the right shoulder. Tr. 3328. She also suffers from the following non-severe impairments: degenerative changes to the lumbar spine, Chronic Obstructive Pulmonary Disease (COPD), seizures, and mental conditions including anxiety and depression. Tr. 3328–29.

## V.    THE ALJ'S FINDINGS

At **step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 23, 2010, the amended onset date. Tr. 3328

At **step two**, the ALJ found that Plaintiff has the following severe impairments: degenerative joint disease of the right knee and degenerative joint disease of the right shoulder. Tr. 3328. The ALJ also found that Plaintiff has the following non-severe impairments: degenerative changes to the lumbar spine, COPD, seizures[1], and mental conditions including anxiety and depression. Tr. 3328–29.

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equals the severity of the listed impairments in 20 C.F.R. Section 404, Subpart P, Appendix 1. Tr. 3330.

At **step four**, the ALJ found that, during the relevant period, Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. § 404.967(b), with some exceptions. Tr. 3331. Plaintiff could lift a maximum of 10 pounds. *Id.* She could occasionally reach overhead with the bilateral upper extremities, occasionally reach in front and/or laterally with the right upper extremity, and occasionally

---

[1] The ALJ found that there was a lack of treatment records for seizures, and that the Plaintiff's seizure disorder is not a medically determinable impairment. Tr. 3329.

**ORDER GRANTING DEFENDANT'S MOTION**
**FOR SUMMARY JUDGMENT**
~ 6

climb ladders, ropes, or scaffolds. *Id.* Plaintiff could occasionally kneel or crouch. *Id.* Lastly, Plaintiff would need to avoid exposure to hazards. *Id.*

Because Plaintiff does not have past relevant work, the ALJ did not need to determine whether Plaintiff would be capable of performing such work. *See* Tr. 3338.

At **step five**, the ALJ determined that in light of Plaintiff's age, education, work experience, and RFC, there were a significant number of jobs in the national economy that she could perform. Tr. 3338. These include agricultural produce sorter, weight recorder, and "bonder, semiconductor." Tr. 3339. The vocational expert testified that Plaintiff could perform these jobs based on her RFC, and the ALJ credited his testimony. Tr. 3338–39.

Accordingly, the ALJ concluded that Plaintiff had not been under a disability for the relevant period.

## VI.    ISSUES FOR REVIEW

The question presented is whether substantial evidence supports the ALJ's decision and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred (1) in weighing Plaintiff's subjective complaints; (2) in how he weighed the opinion evidence; and (3) improperly rejecting Plaintiff's testimony; and (3) at step two in assessing Plaintiff's severe disorders.

## VII.   DISCUSSION

### A.    The ALJ's decision to discount Plaintiff's subjective symptom testimony is supported by substantial evidence in the record.

Plaintiff argues that the ALJ did not give clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. ECF No. 20, at 2. Similarly, Plaintiff argues that the ALJ erred in finding malingering. Tr. 3332.

**ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
~ 7**

1    The ALJ's reasons for giving Plaintiff's subjective complaints less than full

2  weight are supported by substantial evidence. "[W]here the record includes

3  objective medical evidence establishing that the claimant suffers from an

4  impairment that could reasonably produce the symptoms of which he complains,

5  an adverse credibility finding must be based on clear and convincing reasons."

6  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008)

7  (internal quotations and citations omitted). However, this standard of proof does

8  not apply when there is affirmative evidence that the claimant is malingering. *Id.*

9    Here, the ALJ cited to affirmative evidence of malingering. Tr. 3332 (citing

10  Tr. 4046). In August 2017, Danielle Jenkins, Psy.D., found evidence of

11  malingering. *Id.* Under the REY test, Dr. Jenkins wrote "6/15, 7/30 indicating

12  malingering (or not putting forth effort) extremely likely." Tr. 4046. As the

13  Commissioner notes, another provider noted that Plaintiff "appears to be

14  intentionally unresponsive and not helpful, only when she desires to speak." Tr.

15  2441. This finding was made when Plaintiff was seen for a drug overdose and

16  suicide attempt. *Id.*

17    Plaintiff argues that the report does not support a finding of malingering, and

18  that Dr. Jenkins erred in relying on the REY test. ECF No. 20, at 4 (citing POMS

19  DI 22510.006(D)). The Social Security Administration's Program Operations

20  Manual Systems (POMS) directs the agency not to purchase symptom validity tests

(SVT) to evaluate potential malingering. *See* POMS DI 22510.006(D). However,

this test was administered on Plaintiff during a 2017 Washington State Department

of Social and Health Services psychological/psychiatric evaluation. Tr. 4045–49.

Plaintiff does not to cite to authority that precludes the ALJ from considering a

report such as Dr. Jenkins' that contains the use of an SVT test. The ALJ did not

err in considering this statement to determine Plaintiff's overall reliability when it

**ORDER GRANTING DEFENDANT'S MOTION**
**FOR SUMMARY JUDGMENT**
~ 8

1    came to self-reporting of symptoms. The ALJ properly noted the evidence of

2    malingering in the record.

3         The ALJ went on to list seven other instances where Plaintiff demonstrated

     that she was not reliable in her self-reporting. Tr. 3332–33. Among these, the ALJ

4    noted that two providers described Plaintiff as not an accurate reporter and on

5    multiple occasions, Plaintiff lied or minimized her alcohol use. Tr. 3332–33, 2472,

     4064.

6         Although the affirmative evidence of malinger vitiates the ALJ's obligation

7    to identify clear and convincing reasons for discounting Plaintiff's testimony, this

8    Court finds that the ALJ's reasoning would have nonetheless met the clear and

     convincing standard. Plaintiff complained of disabling conditions in her right

9    shoulder and right knee, but the ALJ found that such complaints were not entirely

10   consistent with the medical evidence. Tr. 3331. Instead, post-operative x-rays

     regularly showed stable hardware and no signs of loosening in these joints. *Id.*; *see,*

11   *e.g.*, Tr. 2102. According to Dan L. Hiersche, M.D., Dr. Greene reported in

12   February 2013 that Plaintiff's knee replacement had no problems, and she would

13   not need additional surgery. Tr. 3331 (citing Tr. 2107).

14        For these reasons, the ALJ's decision to discount Plaintiff's subjective

     symptom testimony is supported by substantial evidence in the record.

15   **B.    The ALJ did not err in weighing the opinion evidence.**

16        The ALJ is tasked with resolving conflicts in medical testimony. *Ford v.*

17   *Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). The factors an ALJ will consider in

     evaluating medical opinions when the claim is filed before March 27, 2017 are set

18   forth in 20 C.F.R. § 416.927(c). In the present case, the Commissioner argues that

19   the more extreme opinions which were inconsistent with the overall medical

     evidence were provided less weight. ECF No. 23, at 11. "Generally, the more

20   consistent a medical opinion is with the record as a whole, the more weight [the

**ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**
~ 9

Commissioner] will give to that medical opinion." 20 C.F.R. § 416.927(c)(4). This Court agrees that the ALJ found the more extreme medical opinions less persuasive and such finding was supported by substantial evidence.

### 1. *Failure to mention Dr. Merrill-Steskal's Sept. 2020 report.*

On September 24, 2020, John Merrill-Steskal, M.D. completed a question-and-answer form related to Plaintiff. Tr. 4580–82. In the report, Dr. Merrill-Steskal opined that Plaintiff would miss four or more days per month from her medical impairments, that she must lie down approximately one to two hours per day due to fatigue, and that she is unable to meet the demands of full-time sedentary work as she is unable to lift 10 pounds. *Id.*

The ALJ gave little weight to Dr. Merrill-Steskal's opinions dated February 2017, September 2017, and January 2020, referring specifically to Dr. Merrill-Steskal's conjecture that "work on a regular and continuous basis would cause the claimant's condition to deteriorate . . . and that the claimant would miss 4 or more days of work due to pain." Tr. 3334. The failure to reference Dr. Merrill-Steskal's subsequent September 2020 report was harmless error. The September 2020 report is the same question-and-answer format as the previous reports, and Dr. Merrill-Steskal repeats many of his earlier conclusions with respect to Plaintiff's condition. Tr. 4579–82. For instance, Dr. Merrill-Steskal opined that Plaintiff would need to lie down one to two hours per day due to fatigue, she would miss an average of more than four days per month, she would be limited to sedentary work, and she is unable to lift 10 pounds. Tr. 4580–81. An ALJ commits harmless error when the error is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §404.1502(a)). The Ninth Circuit has stated that an error is harmless in social security cases such as this one "so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the

**ORDER GRANTING DEFENDANT'S MOTION**
**FOR SUMMARY JUDGMENT**
~ 10

ALJ's ultimate conclusion." *Id.* (internal quotations and citations omitted). The ALJ's weight given to Dr. Merrill-Steskal's earlier opinions applies equally to the September 2020 opinion. Merely having failed to mention this specific report did not affect the nondisability determination.

## 2.  ***Discounting other opinions.***

Next, Plaintiff argues that the ALJ erred in giving little weight to the opinions of D. Hiersche, M.D., Dr. Merrill-Steskal, M. Ho, M.D., F. Tufail, M.D., and B. Packer, M.D. ECF No. 20, at 8. Plaintiff argues that these opinions are consistent with each other and they generally conclude that Plaintiff can lift very little weight, *see, e.g.,* Tr. 476 (Plaintiff can only lift/carry up to 2 lbs.), Tr. 560 (Plaintiff can lift/carry less than 10 lbs.). ECF No. 8. Plaintiff also states that the opinions conclude that she is immobile, cannot perform sedentary work, and would be absent many days per month. ECF No. 20, at 8–9 (citing Tr. 571, 1539). Plaintiff ignores the fact that these opinions are inconsistent with other medical opinions in the record. Tr. 3334–35. The ALJ noted:

> The opinions of Dr. Ho, Dr. Hiersche, Dr. Tufail, Dr. Packer, and Dr. [Merrill-]Steskal are inconsistent with the longitudinal examinations['] findings during the period at issue, which typically show the claimant ambulated with normal gait, and that she had good range of motion, motor strength, and intact sensation throughout the bilateral upper and lower extremities.

It is the ALJ's responsibility to resolve conflicts in the medical testimony, and the ALJ's reasons for giving these opinions little weight is supported by substantial evidence.

Plaintiff similarly contends that the ALJ erred in giving little weight to these opinions by reasoning that they relied in part on Plaintiff's subjective symptoms. ECF No. 20, at 10. Although the ALJ cannot reject the opinions for this reason

**ORDER GRANTING DEFENDANT'S MOTION**
**FOR SUMMARY JUDGMENT**
~ 11

alone, the ALJ properly considered whether the opinions relied on Plaintiff's self-reports.

### 3.    *Plaintiff's other challenges.*

The Plaintiff makes various challenges in her motion for summary judgment that the Court finds lack merit. The ALJ did not violate the rule of mandate when it gave Dr. Ho's opinion little weight. *See* ECF No. 20, at 12. The ALJ stated that he incorporated ALJ Meyers's assessment in the prior decision as to Dr. Ho's opinion. Tr. 3335. The ALJ went on to add further analysis as to why he gave little weight to Dr. Ho's opinion. *Id.* This complied with the Court's stipulated remand order "to reevaluate the medical evidence." Tr. 3406.

The ALJ gave germane reasons for discounting Dr. Hiersche's opinion. *See* ECF No. 20, at 12. The ALJ stated that it gave Dr. Hiersche's opinion little weight because it was inconsistent with the longitudinal record, the opinion relied in part on Plaintiff's subjective symptom reports, and because Dr. Hiersche provided little explanations. These reasons are clear and specific.

The Court finds that the ALJ gave ample reasons to discount the opinions of Dr. Tufail and Dr. Packer as well. Plaintiff's disagreement with the ALJ's evaluation of the medical evidence is not a valid reason for this Court to overturn the ALJ.

Lastly, the ALJ's weight given to G. Rubio, M.D. and G. Hale, M.D. is supported by substantial evidence. Plaintiff argues that these opinions should be given less weight because they Dr. Rubio and Dr. Hale were non-examining physicians. Again, as stated *ad nauseum*, resolving conflicts in medical testimony is within the province of the ALJ. Dr. Hale's reliance on *Chavez v. Brown*, 844 F.2d 691, 693 (9th Cir. 1988) does not change the substance of his report. *See* Tr. 1150–55. The ALJ properly weighed the medical evidence.

**ORDER GRANTING DEFENDANT'S MOTION**
**FOR SUMMARY JUDGMENT**
~ 12

### 4.   _Discounting opinions prior to August 23, 2010._

Plaintiff argues that the ALJ should not have discounted a group of opinions prior to the alleged onset date. The Ninth Circuit has observed that opinions issued before a claimant's alleged disability date are of limited relevance. _Carmickle_, 533 F.3d at 1165 ("Medical opinions that predate the alleged onset of disability are of limited relevance."). The ALJ noted that by amending her onset date to August 23, 2010, Plaintiff stipulated that she was not disabled prior to this date. Tr. 3333. At the hearing, Plaintiff's attorney indicated that the Plaintiff understood the consequences of amending the onset date. _Id._ Accordingly, the ALJ did not err in giving little weight to the pre-onset date opinions. In stating that the opinions were afforded little weight, the ALJ acknowledged the medical records, and the weight the ALJ gave them is supported by substantial evidence.

### C.   __The ALJ did not err at Step Two in not assessing Plaintiff with certain severe disorders/impairments.__

Plaintiff argues that the ALJ erred at Step Two of the analysis by failing to find that certain impairments were severe. ECF No. 20, at 18–19. Specifically, she argues that her impairments of the cervical spine and mental disorders constituted severe impairments. The ALJ did not err in finding these impairments were not severe, and in any event, the ALJ properly considered these impairments in the RFC evaluation.

A severe impairment is one that significantly limits a claimant's basic work activities and lasts for twelve months. 20 C.F.R. §§ 416.909, 416.920(a)(4)(ii), 416.922(a).  The ALJ specifically addressed Plaintiff's spinal and mental impairments and found that they did not meet this standard. First, the ALJ found that Plaintiff has degenerative changes to her neck (or cervical spine), but physical examinations typically demonstrated normal inspections including full range of motion and no signs of tenderness. Tr. 3328. Looking to the citations cited by the

ALJ, the conclusion that the neck impairment was non-severe is supported by substantial evidence. *See, e.g.*, Tr. 528 (range of motion of cervical spine is within normal limits), Tr. 1915 & 1976 (neck has full range of motion).

The ALJ's conclusion that Plaintiff's mental disorders were non-severe is also supported by substantial evidence in the record. Tr. 3329–30. Plaintiff asks this Court to reweigh the evidence, which is not appropriate for this Court's judicial review. "Substantial evidence" supporting the ALJ's decision denying evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Bailey v. Astrue*, 725 F. Supp. 2d 1244, 1249 (E.D. Wash. 2010). This Court does not seek to understate Plaintiff's mental disorders including anxiety, depression, addiction, and suicidal thoughts. However, the ALJ found support in the record that during the period in question, these conditions did not reach the requisite level of severity. *See* Tr. 3329–30 (citing ample sources where Plaintiff exhibited signs with normal conditions). Lastly, Plaintiff cannot demonstrate how the ALJ's Step Two determination affected the ultimate nondisability determination. The ALJ considered the mental disorders in its ultimate RFC determination.

## VIII.  CONCLUSION

For the reasons stated in this Order, Plaintiff's challenges to the ALJ's nondisability determination fail.  The Court grants Defendant's Motion for Summary Judgment.

Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 23**, is **GRANTED.**

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

**ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**
~ 14

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 6, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

**ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**
~ 15